HARRY E. MORAN *v.* LECCONY SMOKELESS COAL COMPANY *et al.,* LAKE & EXPORT COAL CORP. OF NEW YORK, *Appellant.*

(No. 9286)

Submitted January 15, 1942. Decided February 17, 1942.

*Ashworth & Sanders* and *J. W. Maxwell,* for appellant. *Clarence W. Meadows,* Attorney General, *W. Holt Wooddell,* Assistant Attorney General, *Lemuel R. Via,* United States District Attorney, and *Charles M. Love, Jr.,* Assistant United States District Attorney, for appellees.

KENNA, JUDGE:

On May 10, 1941, after this cause, on June 22, 1940, had been remanded from this Court to the Circuit Court of Raleigh County, the hearing here having been dealt with in this Court's opinion in *Moran* v. *Leccony Smokeless Coal Co.,* 122 W. Va. 405, 10 S. E. 2d 578, 136 A. L. R. 1007, Lake & Export Coal Corporation tendered and asked leave

to file its petition setting up a claim against receivers Jarrett and Bonner as costs of the receivership a commission of eight per cent on the selling price of 76,101.11 tons of coal amounting to $6,327.28. The petition alleges the employment of petitioner pursuant to a decree entered on December 15, 1938, and the termination of that employment by virtue of an order entered on June 3, 1939, and that the sales by virtue of which the claimed commission accrued took place in the intervening period. After overruling a demurrer to the petition, it was referred to the commissioner in chancery who had the cause under consideration, and in a report filed by him on May twenty-ninth allowed the amount as a common claim and expressly denied it priority, the commissioner in his report dividing the claim into commissions for selling coal, amounting to $5,640.48, and actual outlay incurred in so doing, $909.85. The report having been confirmed and a decree of sale fixing the liens and priorities having been entered, this Court granted the prayer of Lake & Export Coal Corporation to review an alleged error of the trial chancellor in declining to award a recovery of the claim as and for costs of the receivership incurred in preserving the corpus of the receivership property, or, if not so treated, as and for a trust fund of which the receivers are in wrongful possession.

There being no question raised concerning the procedure in the Circuit Court of Raleigh County involving the consideration of the Lake & Export Coal Corporation's claim, we will not deal with that element of the matter at the present time other than to comment that if our opinion concerning the merit of the claim under consideration was that it should be accorded priority if properly presented, the procedural involvement would then be dealt with upon the Court's initiative. That phase of the matter is fully covered by the Court in Judge Fox's opinion in No. 9287, *Moran* v. *Leccony, etc., Company et al.,* delivered today.

The amount of the claim is not questioned, nor is the fact that Lake & Export Coal Corporation acted as a selling agency for the receivers pursuant to the order auth-

orizing its employment for that purpose. Neither the contract approved by that order nor the order provides that the compensation of Lake & Export shall be a part of the costs of the receivership, a vested interest in the purchase money, nor that it shall in any manner be preferred. but directs that payment for coal sold be made, not to the selling agency, but directly to the seller or to the receivers, the seller to remit the selling commission to Lake & Export.

Dealing first with the question as to whether or not this claim can be classified as costs of the receivership expended for the preservation of the receivership property, we wish only to comment upon the fact that upon this record we find nothing to distinguish this claim from costs of operation and hence of an operating receivership which, speaking generally, in this state is confined to public utilities. The trial court in allowing costs after the receivers were discharged attempted to draw a distinction between operating costs and costs incurred by the receivership in the preservation of the corpus of the receivership property, and in so doing excluded this claim from the latter classification, and, while we do not wish to be understood as approving entirely the distinction drawn by the trial court, we are of the opinion that there was no error in rejecting this claim as a part of the cost of preserving the corpus of the property in the hands of the receivers, when the terms of the order authorizing the employment did not so provide, the approved practice, of course, being to classify a charge as cost of the receivership by order entered in advance of incurring the expense.

Neither do we believe that this claim can properly be treated as a trust fund, nor as a fund to secure the payment of which the claimant would be entitled to a prior lien. The commission earned by the selling agency was eight per cent of the sale price, and no understanding with Lake & Export Coal Corporation by virtue of which that company would have acquired an equitable title in its commission upon payment of the purchase price to the seller was shown. In the absence of a provision in the

contract of agency, we are under the impression that the legal and equitable title in the purchase money vested in the seller, here the special receivers, the property being in *custodia legis* regardless of the nature of the receivership. Neither the coal *in transitu* nor the purchase price came into the possession of the claimant, and, therefore, although an agent acquires rather a sweeping lien upon personal property the possession of which he receives in the course of discharging his duties as agent and as a result thereof, we see nothing upon this record that would entitle petitioner here to preferment as a lienor.

For the reasons stated, the allowance of the claim of Lake & Export Coal Corporation as a common or general claim will be affirmed.

*Affirmed.*